This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CAROL WOOTTON,**

Plaintiff-Appellant,

v.                                                                            **NO. 32,290**

**SCOTT VINSON,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Daniel Viramontes, District Judge**

Frederick H. Sherman
Deming, NM

for Appellant

Robert F. Turner
Deming, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}    The parties do not dispute that Defendant, Scott Vinson, agreed to pay the reasonable attorney fees incurred by Plaintiff, Carol Wootton, in pursuing legal action to collect on a promissory note. The question presented is whether the fees charged by Plaintiff's first attorney were reasonable and, in the tortured procedural history of this case, whether the district court erred in first ordering Defendant to pay those fees, then reversing its order, and then ordering Plaintiff to reimburse Defendant for overpaying the fees of Plaintiff's second attorney. Though we recognize that our decision will result in the accrual of even more attorney fees, we conclude that the district court erred. We reverse and remand for further proceedings regarding the proper calculation of attorney fees.

**BACKGROUND**

{2}    In 2008, Plaintiff retained attorney R. Nathan Gonzales to represent her in an action to pursue collection on a promissory note and mortgage. Plaintiff paid $4,000 to Gonzales as a retainer. Plaintiff filed a complaint for breach of contract against Defendant, seeking to recover the amount due on the note and attorney fees and costs pursuant to the terms of the note.[1] After the requisite period of time had elapsed

---

[1] As pled in the complaint, the note provides that Defendant agreed to pay 10 percent attorney fees on the amount due ($35,000) "if placed in the hands of an attorney for collection."

2

without an answer from Defendant, Plaintiff filed a motion for default judgment requesting, among other things, that she be awarded her attorney fees. Plaintiff attached an invoice from Gonzales reflecting that she had incurred attorney fees in the amount of $1,852.27.

{3}     The district court granted Plaintiff's motion for default judgment and, among other things, awarded Plaintiff "her attorney[] fees and court costs as submitted by her legal counsel." Defendant filed a motion to set aside the default judgment, and Plaintiff filed a response. Before the district court ruled on Defendant's motion, Plaintiff retained a new attorney, Frederick H. Sherman, who filed a motion on behalf of Plaintiff to amend the judgment as to specific damages and attorney fees.

{4}     On August 13, 2010, the district court entered a stipulated order resolving Defendant's motion to set aside the default judgment and Plaintiff's motion to amend the judgment. The stipulated order states, in pertinent part, that Defendant agrees to pay the note along with interest and attorney fees and that "[a]ny issues as to [a]ttorney[ f]ees that [cannot] be resolved will be submitted to the court subsequent to the entry of the order and [p]rior to [s]atisfaction."

{5}     The parties could not resolve the issue of attorney fees and, on October 29, 2010, Defendant filed a motion to determine reasonable attorney fees. The parties agreed that the amount that Gonzales had billed Plaintiff (over $4,000) was excessive.

3

A copy of the motion was sent to Gonzales via facsimile. On November 4, 2010, Gonzales filed a motion to withdraw as counsel for Plaintiff, stating that Plaintiff had retained other counsel. The district court entered an order on November 4, 2010, permitting Gonzales to withdraw. The order reflects that neither Plaintiff's new attorney, Sherman, nor Defendant's attorney responded to or approved the order.

{6}     The district court held a hearing regarding attorney fees on November 8, 2010, and entered an order on November 18, 2010. The district court noted that Gonzales failed to attend the hearing and failed to provide an itemized bill for his services. The district court found that Gonzales's bill of over $4,000 was unreasonable and ordered Gonzales to refund this entire amount to Plaintiff. The district court ordered Defendant to pay Plaintiff's new attorney, Sherman, $2,100 in attorney fees.

{7}     On February 18, 2011, Gonzales filed a motion to reconsider. Gonzales attached a copy of his invoices to Plaintiff, reflecting that he had billed Plaintiff $4,093.79 for his work. Gonzales stated that he did not attend the hearing on November 8, 2010, because he did not represent Plaintiff at that time, and he was not aware that his fees were going to be considered. He argued that the district court lacked authority to reduce his fees because they were the subject of a contractual agreement between himself and his client, Plaintiff.

{8}     The district court scheduled a hearing on Gonzales's motion to reconsider for

March 31, 2011, and Plaintiff's new attorney, Sherman, filed a motion for a continuance, stating that he had a conflict on that date. The district court did not grant the continuance, and held a hearing on March 31, 2011, though neither Plaintiff's new attorney nor Defendant's attorney were present. At the hearing, Gonzales informed the district court that Plaintiff had filed a disciplinary complaint against him, which had been resolved in his favor. The district court went off the record to review documentation pertaining to the disciplinary complaint.

{9}    On May 26, 2011, the district court entered an order granting Gonzales's motion to reconsider. The district court concluded that it lacked authority to consider the contractual fee agreement between Plaintiff and Gonzales and thus vacated the portion of its earlier order that ordered Gonzales to reimburse Plaintiff in the amount of $4,000.

{10}    On October 6, 2011, Plaintiff filed a motion for additional attorney fees and to reconsider the denial of attorney fees that Plaintiff had previously paid to Gonzales. The district court held a hearing on April 16, 2012, and entered a final order on June 6, 2012, implicitly overruling Plaintiff's objection to the proposed form of order that had been circulated. The district court found that based on the exhibits presented at the hearing, which are not part of the record, Defendant had made two payments to attorney Sherman for $2,100. The district court ordered Plaintiff to reimburse

5

Defendant in the amount of $2,100. The district court explained at the hearing that Plaintiff could pursue a civil action against Gonzales to recover the money she had paid to Gonzales. Plaintiff appeals from this order.

**DISCUSSION**

{11} Plaintiff contends the district court erred in refusing to order Defendant to pay all of her attorney fees because Defendant was obligated to pay these fees pursuant to the terms of the note. Plaintiff argues that she "should not be out $4,000 [the amount paid to attorney Gonzales] as a result of using legal action to collect and enforce a sales agreement." Plaintiff also contends that the district court erred in ordering her to reimburse $2,100 to Defendant because no evidence was introduced to establish an overpayment.

{12} We review an award of attorney fees for an abuse of discretion. *See In re N.M. Indirect Purchasers Microsoft Corp.*, 2007-NMCA-007, ¶ 6, 140 N.M. 879, 149 P.3d 976. "A discretionary decision based on a misapprehension of the law is an abuse of discretion that must be reviewed de novo." *Id.*

{13} As a preliminary matter, Defendant asserts that Plaintiff's arguments are precluded by the doctrines of judicial estoppel, finality, and mootness. Defendant first argues that Plaintiff should be judicially estopped from arguing that Gonzales's attorney fees are now reasonable because she took a contrary position in the district

court. We disagree.

**{14}** In order for judicial estoppel to apply, three elements must be present. *See Keith v. ManorCare, Inc.*, 2009-NMCA-119, ¶ 37, 147 N.M. 209, 218 P.3d 1257.

> First, the party against whom the doctrine is to be used must have successfully assumed a position during the course of litigation. Second, that first position must be necessarily inconsistent with the position the party takes later in the proceedings. Finally, while not an absolute requirement, judicial estoppel will be especially applicable when the party's change of position prejudices a party who had acquiesced in the former position.

*Id.* (internal quotation marks and citations omitted). None of these elements are present here. First, Plaintiff did not ultimately convince the district court that Gonzales's fees were unreasonable. Second, Plaintiff's position on appeal is not inconsistent with the position she took in the district court to recover her legitimate attorney fees pursuant to the note. She has consistently argued that she is entitled to recover all of her attorney fees from Defendant. And finally, Plaintiff's change in position, to the extent it can be characterized as such, has not prejudiced Defendant in any way.

**{15}** Defendant next argues that any issue regarding Gonzales's fees is not properly before this Court because Plaintiff did not appeal from the May 25, 2011, order granting Gonzales's motion to reconsider. Again, we disagree. In appealing from the final judgment in this case, Plaintiff can challenge any and all of the non-final orders

7

leading up to the judgment, including the May 25, 2011, order. This is consistent with the "strong policy in New Mexico of disfavoring piecemeal appeals, and of avoiding fragmentation in the adjudication of related legal or factual issues[.]" *Principal Mut. Life Ins. Co. v. Straus*, 1993-NMSC-058, ¶ 12, 116 N.M. 412, 863 P.2d 447 (citation omitted).

**{16}** Defendant lastly argues that any issue regarding the fees charged by Gonzales is moot because there is no actual controversy involving these fees. We reject this argument because it is clear that there is an actual controversy regarding the fees paid to Gonzales, and the district court must determine the appropriate amount of attorney fees due to Plaintiff under the note. *See Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 (explaining that "[a] case is moot when no actual controversy exists, and the court cannot grant actual relief" (internal quotation marks and citations omitted)).

**{17}** Having disposed of these preliminary matters, we proceed to consider the merits. As a general rule, "[a] contract providing for attorney fees is enforceable." *In re N.M. Indirect Purchasers Microsoft Corp.*, 2007-NMCA-007, ¶ 19. As generally relevant here, our Supreme Court has recognized that "the purpose of a provision for attorney fees in a note is to enable the noteholder to recover the full amount of the debt without deduction for legal expenses." *Cabot v. First Nat'l Bank of Santa Fe*,

8

1970-NMSC-118, ¶ 4, 81 N.M. 795, 474 P.2d 478.

{18} The district court's November 18, 2010, order had the effect of allowing Plaintiff to recover the full amount of the debt from Defendant without deduction for legal expenses that were incurred through that date. In that order, the district court ordered that: (1) attorney Gonzales refund $4,000 to Plaintiff, which was the amount Plaintiff paid to Gonzales as a retainer; and (2) Defendant pay Plaintiff's new attorney $2,100 in attorney fees, the full amount claimed to be due. However, when the district court granted Gonzales's subsequent motion to reconsider, it concluded it lacked authority to interfere with the contractual fee agreement between Plaintiff and Gonzales. As a result, Plaintiff had paid $6,100 in attorneys fees and only $2,100 have been awarded against Defendant. The district court explained at a later hearing that Plaintiff could pursue a civil action against Gonzales to recover the additional money she had paid to Gonzales.

{19} The district court erred. In determining the reasonableness of attorney fees due under the note, the district court should have considered two factors: (1) the specific provisions of the note regarding attorney fees; and (2) the reasonable amount charged by Plaintiff's attorneys that may be assessed as attorney fees against Defendant. Given the limited record provided for review, it appears that the district court did not discuss or apply the specific attorney fees provision contained in the note. In determining the

9

reasonableness of the amount of Gonzales's attorney fees that should be assessed under the note, the court must evaluate:

> (1) the time and labor required—the novelty and difficulty of the questions involved and skill required; (2) the fee customarily charged in the locality for similar services; (3) the amount involved and the results obtained; (4) the time limitations imposed by the client or by the circumstances; and (5) the experience, reputation and ability of the lawyer or lawyers performing the services.

*Thompson Drilling, Inc. v. Romig*, 1987-NMSC-039, ¶ 20, 105 N.M. 701, 736 P.2d 979. The district court had the discretion to adjust the amount of attorney fees due from Defendant under the note if it determined that a portion of Gonzales's fees were excessive or unreasonable. *See id.* ¶ 23 ("The allowance of a particular fee may be reduced if it is determined to be unreasonable or excessive."). However, the district court did not utilize this method to calculate the amount of attorney fees due from Defendant under the note. First, the court concluded that Gonzales was entitled to recover nothing for his work and then reconsidered and ruled that it lacked authority to consider the reasonableness of Gonzales's attorney fees paid by Plaintiff. Instead of recalculating the correct amount of attorney fees due from Defendant under the note, the court stated that Plaintiff would be required to sue Gonzales in a separate civil action to recover the amount in attorney fees that she had paid to him.

{20} With respect to attorney Sherman's fees, we perceive no abuse of discretion in the district court's conclusion that, if Defendant overpaid those fees, he should be

10

entitled to a reimbursement. Because a recalculation of attorney fees is necessary and because the record is unclear regarding whether Defendant in fact overpaid Sherman's fees, this issue can also be resolved on remand.

**CONCLUSION**

{21} For the reasons stated above, we reverse the district court's order dated June 6, 2012, and remand for further proceedings. The district court must determine the amount of attorney fees that were reasonable for Plaintiff to incur in pursuing this action. The court must then reconcile this amount with the specific attorney fee provision in the note. Defendant should then be ordered to pay the proper amount of attorney fees pursuant to the terms of the note, after being given credit for any payments he has already made. The determination of attorney fees to be paid by Defendant in this case is not dependent upon whether Plaintiff pursues a separate legal proceeding against Gonzales to recover any overpayment of attorney fees previously paid to him. The district court should enter findings of fact and conclusions of law for the benefit of the parties and to enable further appellate review if necessary.

{22} **IT IS SO ORDERED**.

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**CYNTHIA A. FRY, Judge**