523 P.2d 548

**GALLUP TRADING COMPANY,**
Plaintiff-Appellee,

v.

**Eddie MICHAELS, Defendant.**

**Don OWEN, aka Donald Owen, Defendant-
Cross-Claimant-Appellant,**

v.

**Arthur W. ROGERS, Cross-Defendant-
Appellee.**

**No. 9897.**

Supreme Court of New Mexico.

June 7, 1974.

Joan K. L. Roberts, Santa Fe, for defendant-cross-claimant-appellant.

No appearance for appellees.

OPINION

MONTOYA, Justice.

This is an appeal from the denial of a motion to abate execution. The record discloses that on July 14, 1971, plaintiff-appellee Gallup Indian Trading Company (Gallup), filed suit in the District Court of McKinley County against defendants Donald Owen and Eddie Michaels, jointly and severally, on a promissory note dated January 1, 1967. Service was obtained on Owen (appellant) but not upon Michaels. On November 5, 1971, appellant filed a cross-claim against one Arthur W. Rogers (Rogers) alleging that Rogers, by separate contract dated January 9, 1969, agreed to assume all liability incurred by appellant in the name of Pa-Wahn-Tah Trading Post. Gallup filed a motion for summary judgment against the defendants Owen and Michaels and, on July 20, 1972, summary judgment was entered against appellant Owen with his consent and this was recited in the judgment. Thereafter, two separate executions were issued against appellant, the first on September 14, 1972, and the second on February 7, 1973. On July 20, 1973, an entire year after the entry of the judgment against him, appellant filed his motion to abate execution on the ground that the summary judgment was not "final" for purposes of execution, because it was not "final" under the provisions of Rule 54(b), Rules of Civil Procedure (§ 21–1–1(54)(b), N.M.S.A., 1953). After a hearing, the motion was denied. This appeal is based on the same contentions as were made at the hearing on the motion to abate execution. The only appearance before this court is by Owen, the appellant herein, and the cause was submitted on appellant's brief only.

Rule 54(b), supra, which was in effect at the time this case was filed, provided as follows:

"(b) Judgment upon multiple claims or involving multiple parties. When more than one [1] claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however des-

ignated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. [As amended by Court Order effective December 31, 1949. Amended April 22, 1969. Effective October 1, 1969.]"

The purpose of this rule is stated in Vol. 10, Wright & Miller, Federal Practice and Procedure, Civil, § 2654 at 34 (1973):

"The requirement in Rule 54(b) that the court make an express determination that there was no just reason for delaying the review of a judgment on fewer than all of the claims or involving fewer than all of the parties in an action eliminates any doubt whether an immediate appeal may be sought. Conversely, it is important for a party to determine whether an order is a 'final decision' under 54(b) since the time for appeal begins to run from the entry of an order that meets the requirements of the rule. A litigant who erroneously decides that an order was not final and waits until the disposition of the entire case before seeking an appeal may lose his right to have that order reviewed. * * *"

In the usual adversary action involving multiple parties or, multiple claims, Rule 54(b), supra, serves a useful function in providing much needed certainty in determining when a final and appealable judgment has been entered. In this case, however, the appellant consented to the summary judgment and we consider that act to be dispositive of this appeal. It is the general rule that:

"* * *. A judgment by consent is in effect an admission by the parties that the decree is a just determination of their rights on the real facts of the case had they been found. It is ordinarily absolutely conclusive between the parties, and cannot be appealed from or reviewed on a writ of error. * * *"

Shaw v. Spelke, 110 Conn. 208, 215, 147 A. 675, 677 (1929). See also State v. Huebner, 230 Ind. 461, 104 N.E.2d 385 (1952); 4 Am.Jur.2d Appeal and Error, §§ 116, 243.

In the instant case, when appellant consented to the entry of summary judgment against him, we conclude that he thereby acquiesced in the judgment and lost his right to appeal. It follows and we hold that, since the purpose of Rule 54(b), supra, is to give notice to a party that a judgment or order is "final" so as to allow immediate appeal, its provisions never became applicable. Since appellant had no right to appeal, he had no need to utilize Rule 54(b), supra, and consequently, appellant will not now be heard to complain that the requirements of the rule were not satisfied.

In view of the foregoing disposition, we need not consider appellant's contentions.

The order denying the motion to abate execution is affirmed.

It is so ordered.

STEPHENSON and MONTOYA, JJ.