IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2012-NMSC-028

Filing Date: August 13, 2012

Docket No. 32,937

SANTA FE PACIFIC TRUST, INC., a Florida corporation,
and BIGBYTE.CC.CORP., a Florida corporation,

        Plaintiffs-Petitioners,

v.

CITY OF ALBUQUERQUE, a municipal corporation,
PRISM TECHNOLOGIES, LLC, a New Mexico limited
liability company, TW TELECOM OF NEW MEXICO, LLC,
a Delaware limited liability company,

        Defendants-Respondents.

ORIGINAL PROCEEDING ON CERTIORARI
Nan G. Nash, District Judge

Tucker Law Firm, P.C.
Steven L. Tucker
Santa Fe, NM

Chappell Law Firm, P.A.
Bill Chappell, Jr.
Michael Hoeferkamp
Albuquerque, NM

for Petitioners

Campbell & Wells, P.A.
John S. Campbell
Albuquerque, NM

Robert I. Waldman, Assistant City Attorney
Albuquerque, NM

Lorenz Law

Alice T. Lorenz
Albuquerque, NM

for Respondent City of Albuquerque

Jones, Snead, Wertheim & Wentworth, P.A.
Carol A. Clifford
Santa Fe, NM

for Respondent TW Telecom, LLC

## OPINION

**CHÁVEZ, Justice.**

**{1}** This case involves a multi-party, multi-claim lawsuit that was appealed to the Court of Appeals on November 18, 2010. The Court of Appeals dismissed the appeal as to one of the appellants, bigbyte.cc Corp (Bigbyte), because all of Bigbyte's claims had been disposed of by summary judgment one year earlier, making the November 18, 2010 notice of appeal untimely. We address whether the interlocutory appeal language in the year-old summary judgment, which Bigbyte requested, should be interpreted to mean that the summary judgment was not a final order. If the year-old summary judgment was not a final order, the Court of Appeals should not have dismissed the appeal. Based on the summary judgment language and Rules 1-054(B)(1)-(2) and 12-203 NMRA, we conclude that the summary judgment was a final order because all of Bigbyte's claims had been disposed of and the summary judgment did not contain express language stating that the summary judgment was not a final order as to Bigbyte. We therefore affirm the Court of Appeals' dismissal of the appeal.

## I.    BACKGROUND

**{2}** Santa Fe Pacific Trust, Inc. (SFPT) and Bigbyte are Florida corporations doing business in New Mexico. SFPT owns land and an office building on Central Avenue in Albuquerque and leases most of its commercial space to Bigbyte. On October 4, 2006, SFPT filed a four-count complaint against the City of Albuquerque (the City) alleging that the City periodically stated its intention to condemn the Central Avenue property owned by SFPT and claiming damages for inverse condemnation and taking, deprivation of due process, and tortious interference with contract in Counts I through III. In Count IV, SFPT alleged that the City breached a real estate exchange agreement with SFPT. On May 14, 2008, SFPT amended its complaint to join Bigbyte as a plaintiff under Counts I through III. Because Bigbyte was not a party to the real estate exchange agreement, it was not a party to Count IV. The same law firm represented both SFPT and Bigbyte.

**{3}** SFPT and Bigbyte consented to an order dismissing Count III against the City. The

2

district court subsequently granted the City a summary judgment against SFPT and Bigbyte on Counts I and II. Therefore, only Count IV, which was SFPT's breach of contract claim against the City, remained pending before the district court.

**{4}** The district court entered a summary judgment drafted and approved by the parties, which contained language requested by the attorney for SFPT and Bigbyte, certifying the case for interlocutory appeal. The summary judgment entered on November 25, 2009 reads as follows:

> THIS MATTER having come before the Court . . . , and the Court . . . otherwise being fully advised in the premises, FINDS
>
> 1. That there are no genuine issues as to any material fact and Defendant is entitled to Judgment as a matter of law on Count I and Count II of Plaintiffs' Amended Complaint; and
>
> 2. That this Summary Judgment does not practically dispose of the merits of the above-entitled and numbered action but does finally dispose of the claims raised in Count I and Count II; that the Summary Judgment involves a controlling question of law as to which there is substantial ground for differences of opinion; and that *an immediate appeal from the Summary Judgment may materially advance the ultimate termination of litigation and there is no just cause for delay.*
>
> IT IS THEREFORE ORDERED that Judgment should be, and hereby is, entered in favor of Defendant and against Plaintiffs on Count I and Count II of Plaintiffs' Amended Complaint.
>
> IT IS FURTHER ORDERED that this summary judgment is certified for an interlocutory appeal to the New Mexico Court of Appeals.

(Emphasis added.)

**{5}** On December 10, 2009, SFPT and Bigbyte filed a joint application for interlocutory appeal with the Court of Appeals pursuant to Rule 12-203 and NMSA 1978, Section 39-3-4(B) (1999). The City opposed the application and the Court of Appeals denied it on January 4, 2010.

**{6}** SFPT and the City ultimately settled Count IV on June 28, 2010. Bigbyte was a signatory to the settlement agreement despite the fact that it was not a party to the contract that was the subject of Count IV. The settlement agreement stated that Bigbyte joined in the settlement agreement "for the purpose of stipulating to the dismissal of the stated claims." The "stated claims" included Count IV and a separate condemnation action filed by the City against SFPT that was consolidated with Count IV. The district court entered the final judgment for Count IV on October 21, 2010.

**{7}** On November 18, 2010, SFPT filed a notice of appeal as of right in the district court, which began "COME NOW Petitioners, Santa Fe Pacific Trust, Inc., by and through its counsel, Chappell Law Firm, P.A., and files this Notice of Appeal under Rule 12-201 et. seq, NMRA," and concluded with the statement that "[c]ounsel for the appellant is the undersigned." Bigbyte's name, while it was included in the caption, was not mentioned in the body of the notice of appeal as an appellant. The Chappell Law Firm filed an amended notice of appeal on December 16, 2010, which, without explanation, added Bigbyte as an appellant in the body of the notice. The reason given for filing the amended notice of appeal was "in order to name the third parties against whom the appeal is taken and to indicate the decision on Defendants' Cost Bill to be appealed." The City filed a motion to dismiss Bigbyte's appeal, contending that the summary judgment entered on November 25, 2009 constituted a final order with respect to Bigbyte, making its appeal untimely. The Court of Appeals granted the City's motion because "[p]ursuant to Rule 1-054(B)(2) NMRA, the summary judgment was a final, appealable order as to [Bigbyte]" and "[t]herefore, [Bigbyte's] notice of appeal should have been filed no later than Monday, December 28, 2009." The Court of Appeals also concluded that the December 16, 2010 amended notice of appeal adding Bigbyte as an appellant, filed more than thirty days after the October 21, 2010 final judgment, also justified dismissal of Bigbyte's appeal as untimely.

**{8}** We granted Bigbyte's petition for writ of certiorari to consider whether (1) the November 25, 2009 summary judgment was a final order as to Bigbyte, and (2) whether the amended notice of appeal adding Bigbyte as an appellant was untimely. Because we affirm the Court of Appeals on the first issue, we do not address the second issue.

## II.    THE COURT OF APPEALS DID NOT ERR IN DISMISSING BIGBYTE'S APPEAL BECAUSE THE SUMMARY JUDGMENT DISMISSING COUNTS I AND II WAS A FINAL ORDER AS TO BIGBYTE

**{9}** Bigbyte maintains that its appeal was not subject to dismissal because the November 25, 2009 summary judgment was not a final order or, alternatively, because the doctrine of law of the case, judicial miscommunication, or judicial estoppel preclude dismissal. In support of its argument that the summary judgment was not a final order, Bigbyte argues that the district court expressly stated that the summary judgment was not final as to Bigbyte or, at a minimum, that the summary judgment was ambiguous as to whether it was a final order, which requires us to liberally interpret the summary judgment in favor of permitting an appeal.

**{10}** Finality is a question of law we review de novo. *Hicks v. Eller*, 2012-NMCA-061, ¶ 16, ___ P.3d ___; *In re Adoption Petition of Homer F. v. Jeremiah E. (In re Sam Jackson F.)*, 2009-NMCA-082, ¶ 19, 146 N.M. 845, 215 P.3d 783 (questions of law are reviewed de novo). Appellate courts are responsible for determining whether an order is final for purposes of jurisdiction, regardless of the parties' or the trial court's beliefs. *See Rice v. Gonzales*, 79 N.M. 377, 378, 444 P.2d 288, 289 (1968) (recognizing the responsibility of the reviewing appellate court to determine whether it has jurisdiction); *Khalsa v. Levinson*,

4

1998-NMCA-110, ¶¶ 11-12, 27, 125 N.M. 680, 964 P.2d 844 (holding that a court order was not final even though the parties believed that it was final, and the trial court certified the appeal pursuant to the equivalent of Rule 1-054(B)(1)). Finality for the purpose of an appeal is viewed in a practical rather than a technical context and by looking to the substance of the document rather than its form. *See Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992) ("[I]t is impossible to devise a formula to resolve all marginal cases coming within what might well be called the twilight zone of finality." (alteration in original) (internal quotation marks and citations omitted)).

**{11}** Rule 1-054(B) specifies when a judgment based upon multiple claims or involving multiple parties is final for purposes of an appeal. Rule 1-054(B)(1) addresses the situation when not all of a party's claims have been adjudicated. This rule provides:

> Except as provided in Subparagraph (2) of this paragraph, when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, *the court may enter a final judgment as to one or more but fewer than all of the claims only upon an express determination that there is no just reason for delay.* In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims shall not terminate the action as to any of the claims and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims.

*Id.* (emphasis added).

### A. The District Court Entered a Final Judgment as to Counts I and II Disposing of All of Bigbyte's Claims Against the City

**{12}** In this case, the summary judgment on Counts I and II ordinarily would not be a final judgment against SFPT because Count IV was still pending. *See* Rule 1-054(B)(1). SFPT had two options if it wanted to immediately appeal the summary judgment. SFPT could have requested that the district court enter a final judgment against it, because there was no just reason to delay doing so pursuant to Rule 1-054(B) regarding Counts I and II, and therefore the final judgment would be subject to appeal pursuant to Rules 12-201 and -202 NMRA and NMSA 1978, Section 39-3-2 (1966). Alternatively, SFPT could have requested that the district court certify the summary judgment for interlocutory appeal pursuant to Rule 12-203 and Section 39-3-4. To comply with Rule 12-203(B), the summary judgment needed to contain language to the effect that (1) the summary judgment did not practically dispose of the merits of SFPT's action because Count IV was still pending, (2) the summary judgment involved a controlling question of law as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation pursuant to Section 39-3-4(A). *See* Rule 12-203(A).

5

**{13}**     During a hearing on November 25, 2009, the district court offered to schedule an expedited trial of the remaining issues in the case between SFPT and the City to give SFPT its "regular appeal sooner." In the alternative, the district court stated that if SFPT wanted to take an interlocutory appeal, the court was willing to include the necessary language in its order. However, the district court noted that the ball on how to proceed was in the court of SFPT's attorney. In response, SFPT's attorney stated that "we have agreed on an order which includes interlocutory appeal language for the summary judgment." During the hearing, the City's attorney presented the district court with a form of summary judgment which contained "interlocutory language" and was "approved as to form" by the parties. The district court issued the order for summary judgment in the City's favor on the day of the November 25, 2009 hearing.

**{14}**     The summary judgment recites language certifying the case for interlocutory appeal, but does not explain on its face (1) what counts remain at issue in the case, and (2) between which parties the counts remain at issue for such an appeal. A reasonable interpretation of these ambiguous statements in the summary judgment is that there are multiple claims remaining among all of the parties, but granting the plaintiffs' application for an interlocutory appeal will materially advance the ultimate conclusion of the litigation.

**{15}**     Although the summary judgment does not resolve these issues clearly, the pleadings filed by the parties in the Court of Appeals clarify the procedural history of the case and shed light on the meaning of the summary judgment. On December 10, 2009, SFPT and Bigbyte jointly filed an application for interlocutory appeal in the Court of Appeals. They explained in their application that (1) the district court entered a summary judgment as to Counts I and II, (2) Count III previously had been dismissed, and (3) Count IV, the only remaining count, was between SFPT and the City. The City filed a response in opposition to the application for interlocutory appeal and confirmed that Counts I and II were the subject of the summary judgment, Count III was dismissed by the parties' consent, and Count IV, the only remaining count, was between SFPT and the City. The parties' description of the procedural history establishes that the summary judgment does not practically dispose of the merits of the case because litigation between SFPT and the City remained pending as to Count IV.

**{16}**     But why does the summary judgment include the language "there is no just cause for delay"? This language is unnecessary to certify an order for interlocutory appeal. *See* Rule 12-203. Did the district court intend to indicate that the summary judgment with respect to SFPT was final because there was no just reason for delay, but not final as to Bigbyte? We answer this question first as to SFPT. If the summary judgment was final with respect to SFPT, SFPT would have had an appeal as of right. *See* § 39-3-2. When a party has an appeal as of right, the appeal is preserved by filing a notice of appeal with the district court pursuant to Rule 12-202(A) NMRA (requiring under Rule 12-201(A)(2) that an appeal on a final judgment be filed within thirty days of the judgment); *see* § 39-3-2. In the alternative, if the intent was to certify the summary judgment for interlocutory appeal, SFPT would have had to perfect its appeal by filing an application for interlocutory appeal with the Court of Appeals pursuant to Rule 12-203, *see* § 39-3-4(B), which it did. SFPT did not treat the

6

summary judgment as a final order, as evidenced by its filing of an application for an interlocutory appeal. In any event, the ambiguity in the summary judgment did not affect SFPT because although the Court of Appeals declined the application for interlocutory appeal, SFPT's subsequent direct appeal was not dismissed by the Court of Appeals.

**{17}** Bigbyte's appeal requires a different analysis because summary judgment disposed of all of its remaining claims against the City. As a preliminary matter, we note that Bigbyte consented to the dismissal of Count III, and therefore it could not appeal the dismissal of Count III. *See Gallup Trading Co. v. Michaels*, 86 N.M. 304, 305, 523 P.2d 548, 549 (1974) ("[W]hen appellant consented to the entry of summary judgment against him, we conclude that he thereby acquiesced in the judgment and lost his right to appeal.").

**{18}** The effect of the summary judgment on Bigbyte's remaining claims is governed by Rule 1-054(B)(2), which provides:

> When multiple parties are involved, judgment may be entered adjudicating all issues as to one or more, but fewer than all parties. *Such judgment shall be a final one unless the court, in its discretion, expressly provides otherwise and a provision to that effect is contained in the judgment.* If such provision is made, then the judgment shall not terminate the action as to such party and shall be subject to revision at any time before the entry of judgment adjudicating all claims and the rights and liabilities of all the parties.

(Emphasis added.)

**{19}** The summary judgment would ordinarily be final as to Bigbyte because Bigbyte consented to the dismissal of Count III and the summary judgment disposed of Bigbyte's remaining claims. Thus, unless the district court expressly provided in the summary judgment that the summary judgment against Bigbyte was not final, Bigbyte had to file a notice of appeal in the district court within thirty days of the summary judgment, which it did not do, in order to perfect its appeal. Rules 12-201(A)(2) & 12-202(A).

**{20}** Bigbyte makes two arguments that dispute the finality of the summary judgment. Bigbyte first contends that the language certifying the case for an interlocutory appeal is an express indication by the district court that the summary judgment was not final as to Bigbyte. We are not persuaded by this contention. Although the judgment states that "this summary judgment is certified for an interlocutory appeal to the New Mexico Court of Appeals," nowhere in the body of the judgment does the district court expressly state that the summary judgment is not final as to Bigbyte. On the contrary, the language approved by the parties and submitted to the district court specifies that the judgment "does finally dispose of the claims raised in Count I and Count II." Had Bigbyte wanted the district court to expressly provide that the summary judgment on Counts I and II was not final with respect to it, it should have asked the court to do so. Under ordinary circumstances,

7

language expressly stating that an order or judgment is not to be considered final is included for the purpose of precluding an immediate appeal. *In re Adoption Petition of Homer F.*, 2009-NMCA-082, ¶ 19 (an order that is not final cannot be appealed).

**{21}**     In this case, SFPT immediately appealed the summary judgment, and it is possible that Bigbyte also intended to appeal. It is not reasonable to conclude that the district court intended to make the summary judgment a non-final order as to Bigbyte so that Bigbyte could take an immediate interlocutory appeal. Bigbyte had an *appeal as of right*, and if Bigbyte had properly perfected the appeal, the Court of Appeals would have been compelled to decide its merits. Had Bigbyte simply filed its notice of appeal with the district court, it might have increased the likelihood that the Court of Appeals would have granted SFPT's application for an interlocutory appeal. After all, the Court of Appeals would have been obligated to rule on the merits of the direct appeal, and the district court certified that doing so would materially advance the ultimate conclusion of the litigation. The attorneys for SFPT and Bigbyte neither point to any place in the record where they asked, nor otherwise argue that they asked, the district court to declare that the summary judgment against Bigbyte was not final. SFPT and Bigbyte both approved the language of the order, which specifies that the summary judgment finally disposed of Counts I and II. Because Bigbyte's only claims against the City involved Counts I and II after the district court had dismissed Count III, this language made the summary judgment final with respect to Bigbyte. Bigbyte's second argument disputing the finality of the summary judgment concerns the ambiguity of the summary judgment order, as we will discuss next.

### B.     The District Court's Order Was Unambiguous as to Bigbyte, and Therefore the Order Was Not Susceptible to Multiple Interpretations

**{22}**     Bigbyte's second argument is that the language in the summary judgment specifying that the judgment "does finally dispose of the claims raised in Count I and Count II" conflicts with the express provision certifying the case for interlocutory appeal. Bigbyte contends that this conflict makes the summary judgment ambiguous as to whether it was a final judgment against Bigbyte. If the language is ambiguous, Bigbyte contends that *Schultz v. Pojoaque Tribal Police Dep't*, 2010-NMSC-034, ¶ 19, 148 N.M. 692, 242 P.3d 259, requires us to resolve the ambiguity in favor of allowing the appeal so that it can be decided on the merits.

**{23}**     In *Schultz*, this Court allowed an untimely appeal to proceed because the delay was due to a problem with the mail that "constituted an unusual circumstance outside Petitioner's control." *Id.* ¶ 21. In this case, Bigbyte had complete control over the language in the summary judgment. "Only the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects." *Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994). We are not persuaded that there are any unusual circumstances in this case. *See, e.g.*, *Wakeland v. N.M. Dep't of Workforce Solutions*, 2012-NMCA-021, ¶ 25, 274 P.3d 766 (holding that "[s]imply being confused or uncertain about the appropriate procedure for seeking review is not the

8

sort of unusual circumstance beyond the control of a party that will justify an untimely filing"). In addition, Rule 1-054(B)(2) requires that an order or judgment is final "unless the court . . . expressly provides otherwise and a provision to that effect is contained in the judgment." The adjective "express" means clear, definite, unambiguous, and unequivocal. William C. Burton, *Burton's Legal Thesaurus* 224 (3rd ed. 1998). If this Court were to interpret an ambiguous order as sufficient to declare an otherwise final judgment non-final, we would be supplanting the word "expressly" in Rule 1-054(B)(2) with the word "implicitly." This we are not willing to do.

**{24}** We conclude that the summary judgment included language for an interlocutory appeal because SFPT and the City were still litigating both Count IV and the City's separate inverse condemnation lawsuit against SFPT, which the district court had consolidated with SFPT's lawsuit against the City. The summary judgment was a final judgment against Bigbyte. Bigbyte should have filed a notice of appeal with the district court to preserve its appeal. SFPT and Bigbyte had complete control of their intentions with respect to an immediate appeal of the summary judgment. If the summary judgment did not reflect their intentions, it was because they invited the error when they drafted the order, and they are not entitled to relief. *See Estate of Gutierrez v. Meteor Monument, L.L.C.*, 2012-NMSC-004, ¶ 34, 274 P.3d 97 (holding that the orderly administration of justice is subverted when a party is permitted to invite an error and then subsequently complain about the error).

### C.    There Was No Judicial Error in This Case

**{25}** Alternatively, Bigbyte urges us to overlook its error and attribute blame to the Court of Appeals because the Court failed to recognize that the summary judgment was a final judgment against Bigbyte. In support of this argument, Bigbyte cites *Romero v. Pueblo of Sandia*, 2003-NMCA-137, ¶ 7, 134 N.M. 553, 80 P.3d 490, for the proposition that a party should be excused from mistakenly filing an interlocutory appeal when it should have filed a direct appeal, when the Court of Appeals failed to recognize the mistake. In *Romero*, the Court of Appeals allowed an appeal to proceed despite the appellants' error in filing an application for an interlocutory appeal instead of a notice of appeal with the district court. *Id.* ¶¶ 5, 7. The *Romero* Court supported its decision by stating that it had

> within the time for filing a notice of appeal and well within the time that would be allowed with an extension, informed the litigants that it would consider Plaintiffs' application for interlocutory appeal to serve as a notice of appeal and docketing statement. Thus, we clearly expressed that we would entertain Plaintiffs' appeal.

*Id.* ¶ 7. The *Romero* Court applied the unusual circumstances exception because of the Court of Appeals' mistake of informing the appellants that they did not need to file a direct appeal after mistakenly filing an interlocutory appeal. *Id.* ¶¶ 6-7. Because the Court of Appeals helped create the technical defect, it was unwilling to deny the appeal. As the *Romero* Court noted, "[a]t the calendaring stage of this appeal, the absence of a timely notice of appeal filed

in the trial court should have triggered this Court's dismissal of the appeal." *Id.* Nevertheless, because the Court of Appeals misled the appellants into believing that they had perfected their appeal, thus depriving the appellants of the opportunity to obtain an extension of time from the district court to file a notice of appeal, *see* Rule 12-201(E)(1)-(2), the Court of Appeals allowed the non-perfected interlocutory appeal to proceed. *Romero*, 2003-NMCA-137, ¶ 7.

**{26}** Unlike *Romero*, here the Court of Appeals did not mislead Bigbyte into believing that the Court was accepting the interlocutory appeal. Instead, in this case, the Court of Appeals exercised its discretion by denying the application for an interlocutory appeal. *See State v. Hernandez*, 95 N.M. 125, 126, 619 P.2d 570, 571 (Ct. App. 1980) ("Allowance of an interlocutory appeal is discretionary with the appellate court."). In addition, to the extent that Bigbyte invites us to impose a burden on the appellate courts to determine whether a party has mistakenly applied for an interlocutory appeal when the party has an appeal as of right, we decline. *See Trujillo v. Serrano*, 117 N.M. at 278, 871 P.2d at 374 ("It is incumbent upon *the parties* to strictly adhere to our clearly articulated rules of procedure." (emphasis added)).

### D. Cases Excusing Untimely Filing Do Not Apply

**{27}** This is not to say that an untimely appeal can never be heard. An untimely appeal should be heard if (1) there is a court-caused delay, (2) unusual circumstances are present, or (3) the appeal is only marginally untimely. *Chavez v. U-Haul Co. of N.M.*, 1997-NMSC-051, ¶ 26, 124 N.M. 165, 947 P.2d 122. Although our place and time of filing rules are mandatory preconditions to the exercise of appellate jurisdiction, these preconditions must be balanced against a party's absolute constitutional right to one appeal so that "[p]rocedural formalities [do] not outweigh basic rights where the facts present a marginal case which does not lend itself to a bright-line interpretation." *Trujillo v. Serrano*, 117 N.M. at 276, 871 P.2d at 372; *see* N.M. Const. art. VI, § 2 ("[A]n aggrieved party shall have an absolute right to one appeal" from a judgment of the district court.).

**{28}** In a few rare circumstances, we have allowed an untimely appeal to proceed on the merits. In *Trujillo v. Serrano*, we held that an untimely appeal could be heard if the untimeliness was due to judicial error. 117 N.M. at 278, 871 P.2d at 374. In that case, the magistrate court told the parties that it would take their case under advisement and announce its decision at a later date. *Id.* at 275, 871 P.2d at 371. When the magistrate court issued a written order on March 30, 1992 in favor of Trujillo, it did not inform either of the parties that it had reached a decision. *Id.* Serrano claimed that he did not know of the magistrate court's decision until he received a copy of the written order in the mail during the first week of May, more than thirty days later and beyond the fifteen-day deadline for appeals. *Id.*; *see* NMSA 1978, § 35-13-1 (1975).

**{29}** Although we concluded that the appeal in *Trujillo v. Serrano* was untimely, we remanded the case to the district court to determine whether the magistrate court had caused

10

the untimely filing of the notice of appeal. *Id.* at 276, 278, 871 P.2d at 372, 374. In *Trujillo v. Serrano*, we noted that we had previously allowed untimely appeals to go forward in two instances in which counsel timely mailed their appeals but the trial court failed to properly file the appeal once the court received it. *Id.* at 278, 871 P.2d at 374; *see Adams v. Tatsch*, 68 N.M. 446, 447-48, 362 P.2d 984, 985 (1961) (the appellant timely sent his motion requesting the appeal and a form of order to the judge, who signed the order; the reason the order was filed one day late is not clear); *Jaritas Live Stock Co. v. Spriggs*, 42 N.M. 14, 16, 74 P.2d 722, 723 (1937) (applying the exception where a trial judge filed an order granting an appeal one day after the appellate filing deadline but the party had submitted it to the trial court before the deadline).

**{30}**     Similarly, in *Chavez*, a consolidated case, we concluded that one untimely appeal should proceed because of its unusual circumstances, but that the other should not because there was not an unusual circumstance, a court-caused delay, or a marginally late delay. 1997-NMSC-051, ¶¶ 21-26. In separate appeals to this Court, Chavez and Jones argued that unusual circumstances prevented them from timely filing their appeals. *Id.* ¶¶ 1, 3, 5. We concluded that Chavez's appeal should be allowed because the notice of appeal was filed only fifty-eight minutes late, the party was pro se, and the late pro se filing was partly a result of trial counsel's indecision on whether to represent the client on appeal. *Id.* ¶¶ 21-22. On the other hand, we declined to extend the exception to Jones because there were no unusual circumstances that caused him to file his appeal thirty days late. *Id.* ¶¶ 23, 25.

**{31}**     An untimely appeal will not be excused when the appellant is responsible for not filing a notice of appeal on time and there are no unusual circumstances warranting excusal. For example, in *San Juan 1990-A, L.P. v. El Paso Prod. Co.*, 2002-NMCA-041, 132 N.M. 73, 43 P.3d 1083, the Court of Appeals did not excuse an untimely filing when counsel, relying on information obtained from a courier service, filed a notice of appeal one day late, believing that the clerk's office was closed the day the appeal was due. *Id.* ¶¶ 12, 26. The Court of Appeals determined that the clerk's office was open and the notice of appeal was not timely filed because the appellant failed to investigate whether the clerk's office was indeed closed. *Id.* ¶¶ 25-27. The Court declined to extend the exception for late filing to situations where a party "received [incorrect] information from someone other than the court or the clerk's office of the court." *Id.* ¶ 24. In this case, there was neither judicial error nor any circumstances beyond Bigbyte's control to excuse its significantly untimely filing.

### E.     The Doctrine of Judicial Estoppel Does Not Apply in This Case

**{32}**     Finally, Bigbyte claims that the City's response to both Bigbyte's application for interlocutory appeal and the settlement agreement indicate that the City acquiesced to the summary judgment as non-final, and the City is now judicially estopped from changing its position. "Judicial estoppel is a doctrine that prevents a party who has successfully assumed a certain position in judicial proceedings from then assuming an inconsistent position, especially if doing so prejudices a party who had acquiesced in the former position." *Keith v. ManorCare, Inc.*, 2009-NMCA-119, ¶ 36, 147 N.M. 209, 218 P.3d 1257 (internal

11

quotation marks and citation omitted).  Three elements must be addressed for a party to prevail under the doctrine of judicial estoppel.

> First, the party against whom the doctrine is to be used must have successfully assumed a position during the course of litigation.  Second, that first position must be necessarily inconsistent with the position the party takes later in the proceedings.  Finally, while not an absolute requirement, judicial estoppel will be especially applicable when the party's change of position prejudices a party who had acquiesced in the former position.

*Id.* ¶ 37 (internal quotation marks and citations omitted).

**{33}** The purpose of the doctrine of judicial estoppel is to stop "a party from playing fast and loose with the court" during litigation.  *Id.* ¶ 36 (internal quotation marks and citation omitted).  In this case, nothing in the record indicates that the City intentionally attempted to mislead the Court of Appeals into believing that the summary judgment was not final as to Bigbyte.  We also do not conclude that the record supports a finding that the Court of Appeals exercised its discretion to deny the application for an interlocutory appeal based on any argument made by the City.  In its response to the application for an interlocutory appeal, the City correctly summarized the procedural history of the case and made it clear that the summary judgment disposed of all of the claims brought by Bigbyte, and the only remaining claim was between the City and SFPT.  Because the same law firm represented SFPT and Bigbyte, both parties must have been aware of the strategy to take an immediate appeal of the summary judgment for both.  However, there is nothing in the record to support even an inference that the City prevented either SFPT or Bigbyte from inserting language in the summary judgment that would have expressly indicated that it was not a final judgment against Bigbyte.  Therefore, judicial estoppel does not apply under the facts and circumstances of this case, especially because the district court order, and not the position or stance of the City (or of any party) in the judicial proceedings, confers the jurisdiction of an appellate court.  *William K. Warren Found. v. Barnes*, 67 N.M. 187, 188, 354 P.2d 126, 127 (1960) ("[T]he order allowing an appeal is the basis of the entire proceeding and . . . without such an order [appellate courts] have no jurisdiction.").

## III.    CONCLUSION

**{34}** The summary judgment entered by the district court on November 25, 2009 was a final judgment as to Bigbyte and, as such, Bigbyte should have filed a notice of appeal no later than December 28, 2009.  Because Bigbyte did not file its appeal until December 16, 2010, the Court of Appeals correctly dismissed the appeal as untimely.  Therefore, we affirm the Court of Appeals.

**{35}    IT IS SO ORDERED.**

---

**EDWARD L. CHÁVEZ, Justice**

WE CONCUR:

_____
**PETRA JIMENEZ MAES, Chief Justice**


_____
**PATRICIO M. SERNA, Justice**


_____
**RICHARD C. BOSSON, Justice**


_____
**CHARLES W. DANIELS, Justice**

**Topic Index for** _Santa Fe Pacific Trust v. City of Albuquerque_**, No. 32,937**

**APPEAL AND ERROR**
Interlocutory Appeal
Standard of Review

**CIVIL PROCEDURE**
Dismissal
Estoppel
Final Order
Summary Judgment
Time Limitations

**JUDGMENT**
Final Judgment