This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**RUTH E. DILLS,**

Plaintiff-Appellant,

**v.**                                                              **No. 33,725**

**NEW MEXICO HEART**
**INSTITUTE, P.A.,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Davis, Gilchrist & Lee, P.C.
Bryan J. Davis
Albuquerque, NM

The Davis Law Firm, LLC
Ben Davis
Albuquerque, NM

for Appellant

Keleher & McLeod, PA
Kathleen M. Wilson
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

**{1}** Plaintiff Ruth E. Dills appeals from the district court's "Judgment in Favor of New Mexico Heart Institute, P.A.," which was filed in the district court on March 5, 2014. [RP 2032] We issued a calendar notice proposing to dismiss Plaintiff's appeal with respect to Issue I. Plaintiff has responded with a memorandum in opposition, and Defendant New Mexico Heart Institute, P.A. filed a memorandum in support of our proposed disposition. We have carefully reviewed Plaintiff's and Defendant's submissions, and after due consideration, for the reasons stated herein and in the calendar notice, we dismiss Plaintiff's appeal in part.

**{2}** In our calendar notice, we explained that the order granting summary judgment for claims arising from conduct prior to March 7, 2009, was a judgment adjudicating all claims as to Dr. Blake and Defendant for any vicarious liability arising from Dr. Blake's conduct. [CN 2-3] Accordingly, in our view, under Rule 1-054(B)(2) NMRA, the order granting summary judgment was final and appealable on the date it was filed in district court, *i.e.*, November 27, 2013. [RP 1030] If Plaintiff wished to appeal this order, the deadline for filing the notice of appeal was thirty days after November 27, 2013. *See* Rule 12-201(A)(2) NMRA (requiring appeals to be filed "within thirty . . . days after the judgment or order appealed from is filed" in the

district court); *Santa Fe Pacific Trust, Inc. v. City of Albuquerque*, 2012-NMSC-028, ¶¶ 18-19, 285 P.3d 595 (explaining that unless the district court explicitly provides, pursuant to Rule 1-054, that the granting of summary judgment was not final, the party opposing the ruling had to file notice of appeal withing thirty days). Plaintiff's notice of appeal seeking review of the grant of summary judgment was not filed until April 1, 2014. [RP 2155]

{3} Plaintiff responds that the order was not final for purposes of appeal because "resolution of issues at trial against other defendants were intertwined." [MIO 3] In support of this assertion, Plaintiff cites and analogizes to *Mikeska v. Las Cruces Med. Ctr., LLC*, No. 32,020, mem. op. (N.M. Ct. App. August 13, 2012) (non-precedential), an unpublished case, which we may consider persuasive authority. *Pollard v. Westinghouse Elec. Corp.*, 1995-NMCA-038, ¶ 9, 119 N.M. 783, 895 P.2d 683 ("[S]ummary calendar opinions are not precedent."); *see also* Rule 12-405(A), (C) NMRA (stating that non-precedential opinions may be cited as persuasive authority). In *Mikeska*, this Court held that the district court abused its discretion in failing to rule that the order granting summary judgment with respect to one party was not final for purposes of appeal. No. 32,020, mem. op. ¶ 2. We reached this conclusion because the order granting summary judgment was "intertwined with determinations that have not yet been resolved in [the plaintiff's] suit against the doctors[.]" *Id.* ¶ 6. In other

words, resolution of the propriety of the grant of summary judgment was intertwined with the merits of the case with respect to the remaining claims. *See id*. ¶¶ 3-5.

{4}     That is not the case here. The order granting summary judgment in favor of Defendant on claims arising from Dr. Blake's conduct prior to March 7, 2009, was premised on the Medical Malpractice Act's statute of repose, codified at NMSA 1978, Section 41-5-13 (1976), which forecloses malpractice claims "unless filed within three years after the date that the act of malpractice occurred[.]" *Id.* We fail to see how the merits of the case with respect to vicarious liability arising from Dr. Constantin's alleged negligence could be intertwined with a grant of summary judgment based on a statute of repose, which does not implicate the merits of the case.

{5}     Additionally, while Plaintiff asserts that the district court abused its discretion in "not expressly ruling that the order of dismissal stemming [from] the summary judgment in favor of [Defendant] was not a final order for purposes of appeal[,]" we are not persuaded. [MIO 3] If Plaintiff believed that the order was not final for purposes of appeal, she should have moved the district court to make that determination and expressly state so in the order as Rule 1-054(B)(2) provides. *Id.* (providing that a judgment as to one party, but fewer than all parties, "shall be a final one unless the court, in its discretion, expressly provides otherwise and a provision to that effect is contained in the judgment"); *Santa Fe Pacific Trust, Inc.*, 2012-NMSC-

028, ¶ 20 ("Had [the appellant] wanted the district court to expressly provide that the summary judgment on Counts I and II was not final with respect to it, it should have asked the court to do so. Under ordinary circumstances, language expressly stating that an order or judgment is not to be considered final is included for the purpose of precluding an immediate appeal."). We also note that Plaintiff has failed to assert, much less establish, that a recognized exception excusing untimely filing applies. *Id.* ¶ 27 ("An untimely appeal should be heard if (1) there is a court-caused delay, (2) unusual circumstances are present, or (3) the appeal is only marginally untimely.").

**{6}** Lastly, while this case is not analogous to *Mikeska* as Plaintiff asserts, Defendant has supplied this Court with a case that is. [MIS 1, 3] In *Santa Fe Pacific Trust, Inc.*, our Supreme Court affirmed this Court's dismissal of an appeal based on the plaintiff's failure to file a timely appeal. 2012-NMSC-028, ¶ 34. As in this case, the district court's grant of summary judgment disposed of all claims as to one party (one of two plaintiffs). *See id.* ¶¶ 1, 17, 19. Over a year later, after a final judgment was entered, the plaintiff attempted to appeal the grant of summary judgment. *Id.* ¶¶ 4-7. This Court dismissed the appeal holding that "pursuant to Rule 1-054(B)(2) . . ., the summary judgment was a final, appealable order as to [the plaintiff] and therefore, [the plaintiff's] notice of appeal should have been filed no later than" thirty days after summary judgment was granted. *Id.* ¶ 7 (alteration and internal quotation

5

marks omitted).  Our Supreme Court affirmed.  *Id.* ¶¶ 8, 34.  We have the same situation in this case.  Accordingly, we dismiss Plaintiff's appeal with respect to Issue I.

{7}    **IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**