This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LVNV FUNDING LLC,**

Plaintiff-Appellee,

v.                                        **NO. 34,637**

**ROSEMARIE P. BUSTAMANTE
AND JOHN DOE (IF MARRIED),**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY
Matthew J. Sandoval, District Judge**

Elizabeth V. Friedenstein
Albuquerque, NM

for Appellee

Rosemarie P. Bustamante
Las Vegas, NM

Pro Se Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Rosemarie Bustamante (Appellant) appeals from the district court's order awarding summary judgment in favor of LVNV Funding LLC (Appellee).  This

Court's notice proposed to dismiss because the notice of appeal was not filed with the district court clerk and the time for doing so had expired. Appellant filed a memorandum in opposition to the proposed disposition. Not persuaded by Appellant's arguments, we dismiss the appeal.

{2}    Appellant does not dispute the facts relied upon by this Court in its proposed disposition but asks this Court to apply the *Duran* presumption of ineffective assistance of counsel where the notice of appeal is not filed within the time limit required. [MIO 1-2] *See State v. Duran*, 1986-NMCA-125, ¶¶ 3, 6, 105 N.M. 231, 731 P.2d 374 (stating that there is a conclusive presumption of ineffective assistance of counsel where notice of appeal is not filed within the time limit required). However, the *Duran* presumption primarily applies to criminal cases and has not been extended to civil cases such as this.

{3}    Recognizing that appellate requirements for the time and place of filing are mandatory preconditions absent error on the part of the court, Appellant asserts that the district court erred in failing to comply with Rule 12-209 NMRA, by not mailing her a copy of the docket sheet as a self-represented litigant. [MIO 5] *See Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94; *see also Santa Fe Pac. Trust, Inc. v. City of Albuquerque*, 2012-NMSC-028, ¶ 23, 285 P.3d 595 ("Only the most unusual circumstances beyond the control of the parties—such as error on

the part of the court—will warrant overlooking procedural defects." (internal quotation marks and citation omitted)). Rule 12-209 states: "The district court clerk shall send a copy of this docket sheet to all counsel of record." However, we see no relation between this requirement and Appellant's failure to file a timely notice of appeal with the district court.

{4} For these reasons and those stated in the notice of proposed disposition, we dismiss the appeal.

{5} **IT IS SO ORDERED.**

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**TIMOTHY L. GARICA, Judge**