This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42623**

**CHRIS PINO,**

Plaintiff/Counter-Defendant/
Appellee,

v.

**FARMERS INSURANCE
COMPANY OF ARIZONA,**

Defendant/Counter-Plaintiff/
Appellant,

and

**SCOTT FUQUA, as the Personal
Representative of the Estate of
Daniel Arballo,**

Counter-Defendant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez, District Court Judge**

Law Offices of David M. Houliston
David M. Houliston
Albuquerque, NM

for Appellee

Atler Law Firm, P.C.
Timothy J. Atler
Jazmine J. Johnston
A. Howland Swift
Albuquerque, NM

Riley | Keller | Gonzales
Courtenay L. Keller
Taryn M. Kaselonis
Pablo A. Seifert
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**MEDINA, Chief Judge.**

**{1}** Defendant Farmers Insurance Company of Arizona attempts to appeal from the district court's denial of its motion for partial summary judgment on whether Defendant could deny insurance coverage based on an exception in Defendant's insurance policy for punitive damages and damages caused by intentional conduct and NMSA 1978, Section 66-5-205.3(C) (2016). After the district court denied Defendant's motion, the parties entered a stipulated final judgment resolving all claims. This Court issued a calendar notice proposing to conclude that Defendant had failed to reserve the right to appeal the district court's decision in the stipulated final judgment and therefore was not entitled to an appeal. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** As discussed in our proposed disposition, New Mexico follows the general rule that "a party cannot appeal from a judgment entered with its consent." [CN 2] *City of Albuquerque v. SMP Properties, LLC*, 2019-NMCA-004, ¶ 14, 433 P.3d 336 (internal quotation marks and citation omitted). However, this Court recognized an exception to the general rule in *Kysar v. BP America Production Co.*, 2012-NMCA-036, 273 P.3d 876. An appeal may be taken from a stipulated judgment if

> (1) rulings are made by the district court, which the parties agree are dispositive; (2) a reservation of the right to challenge those rulings on appeal; (3) a stipulation to entry of judgment; and (4) approval of the stipulation by the district court.

*Id.* ¶¶ 11-12, 17. [CN 3]

**{3}** This Court proposed to conclude "that Defendant did not expressly or implicitly reserve the right to appeal the district court's decision denying its motion for partial summary judgment" in the stipulated judgment. [CN 3] We explained that the language included in the stipulated judgment did not rise to the level needed to reserve the right to appeal based on our case law. [CN 3-4]

**{4}** Defendant contends that this Court erred because Defendant expressly, or at a minimum, implicitly reserved the right to appeal the denial of its motion for partial summary judgment. [MIO 7-15] Defendant cites to language included in the stipulated

judgment: reference to the district court's order denying Defendant's motion, a statement that the stipulated judgment is "final [and] appealable," and that each party must bear their own costs "through final outcome of [Defendant]'s appeal." [MIO 12-13] Defendant also argues that the settlement agreement between the parties incorporated in the stipulated judgment supports its right to appeal [MIO 13], and attaches a declaration from Plaintiff's counsel discussing Plaintiff's understanding that Defendant would appeal from the stipulated judgment. [MIO 4-5; MIO Exh. A] As such, Defendant argues that the record supports that Defendant reserved its right to appeal, even if the stipulated judgment does not contain a precise reservation of that right. [MIO 13-15]

{5}    The language that Defendant cites to is the same language that this Court already proposed to conclude was insufficient to find an explicit or implicit reservation of the right to appeal.

> While the stipulated judgment states it 'is a final, appealable judgment' and orders that each party shall be responsible for their own costs and expenses including 'through final outcome of [Defendant]'s appeal,' the stipulated judgment does not contain language—either express or implied—reserving the right to appeal a previous decision of the district court. The reference to the district court's order denying Defendant's motion for partial summary judgment similarly alone does not reflect an intention to appeal from it.

(citation omitted) [CN 4]. Our case law establishes that stronger language is required to establish that a party has reserved the right to appeal a district court decision from entry of a stipulated final judgment. *See Kysar*, 2012-NMCA-036, ¶¶ 9, 16-17 (explaining that the plaintiff reserved the right to appeal from the stipulated judgment after the district court granted the defendant's motion to exclude the plaintiff's evidence because the stipulated final judgment stated that "each party reserved the right to challenge the [c]ourt's aforementioned decisions and rulings on appeal"); *City of Albuquerque*, 2019-NMCA-004, ¶ 17 (explaining that the defendant had reserved the right to appeal from the stipulated judgment because the stipulated judgment explicitly stated the defendant "has fully reserved its rights to appeal the district court's granting of Petitioner City's motion for partial summary judgment as set forth in the concurrently filed amended order of the City's motion for partial summary judgment" (text only)); *Cahn v. Berryman*, 2015-NMCA-078, ¶ 14, 355 P.3d 58 (stating that the defendant took an appeal from a stipulated judgment entered by the parties, "subject to [the d]efendant's right to appeal the district court order that the three-year statute of repose violates [the p]laintiff's right to substantive due process"). To the contrary, mere mention to an order on various motions for summary judgment in the stipulated final judgment does not rise to the level of specificity needed to establish that Defendant had specifically reserved the right to appeal the district court's decision on that particular motion. [5 RP 1032]

{6}    Further, while Defendant argues that the settlement agreement supports its right to appeal, Defendant acknowledges that the settlement agreement does not appear in the record. [MIO 5] Defendant attempts to circumvent this by requesting we review

Plaintiff's counsel's declaration. However, we cannot consider either of these documents for the first time now on appeal. *See Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19 (explaining that the "reference to facts not before the district court and not in the record is inappropriate and a violation of our Rules of Appellate Procedure"); *In re Mokiligon*, 2005-NMCA-021, ¶ 7, 137 N.M. 22, 106 P.3d 584 ("[T]his Court will not consider and counsel should not refer to matters not of record in their briefs." (alteration, quotation marks, and internal citation omitted)); *Jemko, Inc. v. Liaghat*, 1987-NMCA-069, ¶ 22, 106 N.M. 50, 738 P.2d 922 ("It is improper to attach to a brief documents which are not part of the record on appeal."). And while Defendant claims that it "has not reversed course and has never abandoned its position" on this issue [MIO 9], the stipulated final judgment, entered with Defendant's consent, enters judgment in favor of Plaintiff on the same grounds that the district court denied Defendant's motion. [5 RP 1032] Accordingly, the record does not support that Defendant reserved its right to appeal.

**{7}**     Defendant also contends that this Court's proposed disposition frustrates New Mexico's right to an appeal, our policy of reaching the merits of cases, and elevates "form over substance." [MIO 15-17] Defendant asks that we decline to dispose of this appeal "on a perceived procedural technicality" because "[t]here is no suggestion that the appeal is untimely, improperly framed, or otherwise barred by statute or rule," even if Defendant's reservation of appellate rights was deficient. [MIO 15, 17] But here, Defendant's failure to reserve its right to appeal is not a simple procedural technicality and the appeal is barred by the general rule outlined in *Kysar*. Rather, at issue here is the competing policy outlined by our Supreme Court applied by the parties' entry of stipulated final judgment. *See Gallup Trading Co. v. Michaels*, 1974-NMSC-048, ¶ 4, 86 N.M. 304, 523 P.2d 548 ("A judgment by consent is in effect an admission by the parties that the decree is a just determination of their rights on the real facts of the case had they been found. It is ordinarily absolutely conclusively between the parties, and cannot be appealed from or reviewed." (internal quotation marks and citation omitted)). Accordingly, the case law Defendant cites to about forgiving procedural mistakes for invoking this Court's jurisdiction and reaching the merits of its appeal are unpersuasive. [MIO 15-17]

**{8}**     Finally, Defendant argues that this Court should allow its appeal to continue because, on remand, Defendant will just move to amend the stipulated final judgment to include the reservation of the right to appeal under Rule 1-060 NMRA. [MIO 17-20] Defendant states that "[j]udicial economy, fairness, and respect for the constitutional right to appeal all favor resolving this appeal on the merits now." [MIO 20] However, this Court reviews the case currently on appeal, not the hypothetical or future actions of parties. *Cf. Campos Enters. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 ("This Court reviews the case litigated below, not the case that is fleshed out for the first time on appeal." (text only) (citation omitted)); *State v. Harrison*, 2010-NMSC-038, ¶ 10, 148 N.M. 500, 238 P.3d 869 ("Matters outside the record present no issue for review." (internal quotation marks and citation omitted)). Additionally, it is not certain the district court will grant a Rule 1-060 motion to amend the stipulated judgment as Defendant contends. *See Country Savings Bank of N.M.,*

*F.S.B. v. McDowell*, 1989-NMSC-043, ¶ 17, 108 N.M. 528, 775 P.2d 730 (holding that the district court did not abuse its discretion in refusing to grant a motion for relief from a stipulated judgment because "Rule 1-060 was not designed nor does it permit relief from final orders when the effect of such relief would free the moving party from calculated voluntary choices and decisions previously made"). We are therefore unpersuaded that an as yet unfiled and undecided motion should affect our analysis on appeal.

**{9}** As such, Defendant does not direct this Court to any fact, law, or argument that persuades us that our notice of proposed disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a "party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Therefore, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{10}   IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Chief Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JENNIFER L. ATTREP, Judge**